IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LOUISE MARCHESE,
    Plaintiff,

vs.                                                                  Case No. 3:12cv169/RS/CJK

APPLE CORPORATION,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 7).  Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the claim should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a citizen of the state of Florida, initiated the instant cause of action on April 9, 2012.  (Doc. 1).  Plaintiff filed a second amended civil rights complaint on May 25, 2012 (doc. 7), seeking compensatory damages and injunctive relief based on his claims that signals emitted by the iPhone mobile cellular device, manufactured and retailed by Apple Corp., interfere with motor vehicles and home electronic goods, causing those machines to malfunction. (Doc. 7, pp. 3-8).  Plaintiff names only Apple Corp. ("Apple") as defendant.  (Doc. 7, pp. 1-2).

Plaintiff, who formerly lived in San Diego, California, now resides in

Pensacola, Florida, where he[1] drives a 1995 Dodge Caravan.  (Doc. 7, pp. 3, 5). Plaintiff maintains that Apple's iPhone, in the course of regular consumer use and on a date unspecified, assumed control of his car as he was driving it, causing a nearly fatal vehicular accident.[2]  (Doc. 7, pp. 3, 5).  Plaintiff notes that he has experienced "electronic attack" by the iPhone when driving in city traffic and on the I-10 expressway.  (Doc. 7, p. 5).  According to plaintiff, signals from the cellular device interfere with the car's radio frequency and on-board computer system, which shuts down to prevent the "illegal [systemic] attack . . . ."  (Doc. 7, p. 5).  Plaintiff claims that the iPhone has deprived him of his ability to use his car, because he fears harm may come to bystanders "while someone else is trying to control" his vehicle.  (Doc. 7, p. 6).  Plaintiff implies that the iPhone can also take control of a vehicle *not* in operation:

> This whole concept of [the] cell phone has become quite a pain in the ass, I . . . am trying to type this [civil] action [lawsuit] and I am doing it standing in front of the typewriter because I am trying to keep an eye on my 1995 Dodge [Caravan] . . . .

(Doc. 7, p. 6).  In sum, plaintiff contends that Apple and its ubiquitous iPhone have "put [his] life in danger."  (Doc. 7, p. 3).

According to plaintiff, however, the nefarious reach of the iPhone extends beyond automobiles.  Plaintiff submits that the iPhone has also wreaked havoc on his personal electronic goods, including a Sony DVD player and CD radio cassette

---

[1] Despite the seemingly female name, plaintiff describes (in his original complaint) himself as a male, who, along with his dog "Peanuts," resides in the "Commonwealth of Pensacola." (Doc. 1, p. 1).

[2] Owing to the four and six-lane traffic in San Diego, and the iPhone's claimed insidious effect on automobiles, plaintiff relocated to northwest Florida, where, presumably, the traffic is less inherently treacherous.  (Doc. 7, p. 3).

recorder. (Doc. 7, p. 4). Plaintiff ventures that cell phone signals emitted by the iPhone "violated" the "RF" of such electronics. (Doc. 7, p. 4). He also laments that these signals have destroyed a "perfectly good" Mike and the Mechanics cassette, owned by him for some twenty years. (Doc. 7, p. 4). Moreover, plaintiff states that the iPhone destroyed his home security system, explaining that the "pulse transformer was blown away by a wild overpowering [iPhone] signal . . . ." (Doc. 7, p. 4).

Based on the foregoing, plaintiff asserts § 1983 claims against Apple for "aggravated harassment" and assault, in violation of his rights to secure his home from the "illegal invasion of [superior] electronics," to drive his car without fear of harm, and to enjoy the use of home entertainment products. (Doc. 7, pp. 6, 8). Plaintiff seeks compensatory damages from Apple in the amount of $6,500,000. (Doc. 7, p. 8).

## DISCUSSION

Because plaintiff is proceeding *pro se*, the court must read his allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, a jurisdictional grant to federal courts for claims arising under the Constitution or federal law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). "In order to sustain a cause of

action based on 42 U.S.C. § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Dollar v. Haralson Cnty., Ga.*, 704 F.2d 1540, 1542-43 (11th Cir. 1983). "These two elements are jurisdictional requisites for a [§] 1983 action." *Nail v. Cmty. Action Agency of Calhoun Cnty.*, 805 F.2d 1500, 1501 (11th Cir. 1986). As such, a civil rights complaint under § 1983 must be dismissed if the court finds no state action, or action under color of law. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). The Eleventh Circuit has employed three distinct tests in determining whether the actions of a private entity are properly attributed to the state. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (articulating the standards defining the public function test, the state compulsion test, and the nexus/joint action test). To hold a private party liable as a state actor, the court must conclude that one of the following three conditions is met:

> (1) [T]he State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private [party] performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (*quoting NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

In the present action, plaintiff brings suit against Apple, a private, non-governmental entity. Thus, irrespective of the nature of Apple's conduct, the corporation cannot be held liable under § 1983 because it did not act under color of

law.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (*quoting American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))).  Plaintiff does not assert that Apple's actions are properly attributable to the state under either the public function, state compulsion, or nexus/joint action test, and the factual basis for the complaint, as set out by plaintiff, does not permit that inference.  In short, plaintiff cannot demonstrate that state action exists as it relates to Apple's conduct.

Moreover, plaintiff has not shown that Apple's conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Plaintiff asserts claims of harassment and assault, in violation of his "rights" to secure his home from electronic "invasion," to drive his car without fear of harm, and to enjoy the use of personal electronic goods.  Of course, the "rights" of which plaintiff claims a violation are not rights recognized under the Constitution or laws of the United States.  Further, the allegations of harassment and assault do not implicate the denial of a constitutional right, privilege, or immunity, or one secured by federal law.  Because plaintiff fails to allege that Apple acted under color of law in its manufacture and retail of the iPhone, and that the corporation deprived him of a right  protected by the Constitution or federal law, the complaint does not satisfy the "jurisdictional requisites" for a § 1983 action.  *See Nail v. Cmty. Action Agency of Calhoun Cnty.*, 805 F.2d 1500, 1501 (11th Cir. 1986).

Based upon the foregoing, the complaint implicates the threshold inquiry of substantiality, which the court must consider before addressing the merits of any claim.  Plaintiff alleges subject-matter jurisdiction on the basis of a federal question, but the mere assertion of a federal claim is not sufficient to obtain jurisdiction under

28 U.S.C. § 1331. Rather, "[f]ederal jurisdiction requires that a party assert a *substantial* federal claim." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing Hagans v. Lavine*, 415 U.S. 528, 536 (1974)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). The Supreme Court explained the doctrine of substantiality in *Hagans*, articulating a prerequisite to federal question jurisdiction: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *See Hagans*, 415 U.S. at 536-37 (citations and quotations omitted). Emphasizing that the insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *See id*. at 538. Accordingly, the test for determining whether jurisdiction exists under § 1331 "is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *See Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 70 (1978) (internal quotation marks and citations omitted); *see also Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) ("An 'insubstantial' federal question is one that is either 'obviously without merit,' or one that is clearly foreclosed by previous Supreme Court decisions. Those decisions must 'leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" (*quoting Hagans*, 415 U.S. at 537)); *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 n.7 (11th Cir. 1982) ("Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form.")

(quotations omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Simply stated, plaintiff's claims are wholly and patently frivolous, relying as they do on the premise that a federal civil rights cause of action exists to combat the claim that the iPhone runs disabling interference with all manner of everyday devices and conveyances. By bringing suit under § 1983 plaintiff makes clear his intent to establish subject-matter jurisdiction on the basis of a federal question; however, the allegations will not allow him to do this.

The court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation where jurisdiction is in doubt. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Where, as here, the complaint is so frivolous that it fails to clear even the low hurdle imposed by the substantiality doctrine, the court is deprived of subject-matter jurisdiction to entertain its merits. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (holding that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (citations and quotations omitted). Consequently, this action should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claims be DISMISSED WITH PREJUDICE under 42 U.S.C. § 1983, for plaintiff's failure to satisfy the jurisdictional requisites inherent to that provision, and under 28 U.S.C. § 1331, for want of subject-matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).